NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2556
_____

UNITED STATES OF AMERICA

v.

MARTIN GOMEZ-INFANTE,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 09-cr-00839-001
District Judge: The Honorable Renee M. Bumb
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 24, 2011

Before: FUENTES, SMITH, and GREENBERG, *Circuit Judges*

(Filed: March 28, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge*.

Martin Gomez-Infante entered a guilty plea to possession with the intent to

distribute 500 grams of cocaine.  Gomez-Infante's sentencing guidelines range was 60-71

months.  The United States District Court for the District of New Jersey varied upward

from the sentencing guidelines range, imposing a sentence of 80 months of

1

imprisonment.  This timely appeal followed.[1]  For the reasons set forth below, we will affirm.

Prior to sentencing, District Judge Renee Bumb notified the parties that she was contemplating an upward variance from the advisory sentencing guidelines range because it did not adequately address the factors set forth in 18 U.S.C. § 3553(a)(1), *i.e.*, "the nature and circumstances of the offense and the history and characteristics of the defendant."  She expressed concern about the fact that Gomez-Infante had illegally reentered the country "following convictions involving controlled substances."

At sentencing, defense counsel argued that the advisory guidelines range of 60-71 months adequately addressed the District Judge's concerns.  Counsel pointed out that the guidelines range that would have applied had Gomez-Infante been charged and convicted of illegal reentry was 70-87 months.  As a result, the high end of the advisory guidelines range of 60-71 months overlapped with the hypothetical guidelines range for illegal reentry, thereby sufficiently accounting for both the "offense [of conviction] and this offender."  In addition, defense counsel asserted that a sentence at the high end of the advisory guideline range would serve to deter not only Gomez-Infante, but others as well.

After hearing from the government, the District Court concluded that a within-guidelines sentence was too lenient given:  that Gomez-Infante had been deported on three occasions; that each time he returned to the United States he had engaged in criminal conduct; and that the circumstances of the instant offense were indicative of a

---

[1]  The District Court had jurisdiction under 18 U.S.C. § 3231.  We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

sophisticated drug trafficking offense. The Court further remarked that these facts revealed that Gomez-Infante had "no respect for the laws of this country" and that he had not been deterred in the past by a sentence of 51 months of imprisonment. An above-guideline sentence was necessary, according to the District Court, to deter both Gomez-Infante and others, and to protect the public from further crimes. The Court explained that "a stiff sentence is warranted here because you just simply haven't learned your lesson and I don't have the confidence that a sentence within the advisory guideline range will teach you anything."

Gomez-Infante contends that his right to due process under the Fifth Amendment was violated because he was sentenced primarily for the illegal reentries into this country instead of the controlled substance offense to which he pled guilty. This argument presents a legal issue which is subject to plenary review. *United States v. Diaz*, 592 F.3d 467, 470 (3d Cir. 2010). Because this issue was not raised below, we will reverse only if the error is plain. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 733-34 (1993).

We find no error, plain or otherwise, in the District Court's consideration of Gomez-Infante's illegal reentries and subsequent criminal conduct. We are mindful that § 3661 of the Federal Crimes Code directs that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Moreover, § 3553(a) specifies that a sentencing court "shall consider" the "nature and circumstances of the offense and the

3

history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). We agree with the Eighth Circuit that a defendant's illegal entry into the United States, "[l]ike other prior criminal conduct, whether or not related to the offense of conviction, . . . is part of the 'history and characteristics of the defendant' that the district court 'shall consider' in imposing an appropriate sentence." *United States v. Loaiza-Sanchez,* 622 F.3d 939, 942 (8th Cir. 2010) (quoting 18 U.S.C. § 3553(a)).

After a careful review of the sentencing transcript, we reject Gomez-Infante's contention that the District Court sentenced him primarily for uncharged crimes. The transcript confirms that the District Court viewed Gomez-Infante's offense, which involved a sophisticated means of transporting approximately one kilogram of cocaine, as serious. It is also clear that the District Court believed that Gomez-Infante's criminal history, including his illegal reentries and subsequent involvement in crime, was indicative of a high risk of recidivism warranting an above-guidelines sentence to deter him from future criminal conduct and to protect the public.

Gomez-Infante also asserts that his sentence is substantively unreasonable because the Court sentenced him as if he had been convicted of an uncharged crime. Inasmuch as we have already rejected this argument, we consider only whether the above-guidelines sentence of 80 months of imprisonment is unreasonable. "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in" § 3553(a). *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). The record before us demonstrates such meaningful consideration. The District Judge carefully considered all of the arguments advanced and

4

discussed the § 3553(a) factors as she explained the reason for the upward variance. Because we can envision a reasonable sentencing court imposing "the same sentence on [this] particular defendant for the reasons the district court provided," *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc), we will affirm the judgment of the District Court.